## { BRADLEY *v.* MIGGETT.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

In an interference involving a rotary blower designed to be installed in the wall of a steam boiler-setting, opposite the flue openings, and to be used for the purpose of cleaning the flues, a decision of the Commissioner of Patents awarding priority to the senior party was *affirmed,* where it appeared that he was the first to conceive; that the junior party, who had alleged in his preliminary statement a date of reduction to practice subsequent to that alleged by the senior party, sought to amend by substituting an earlier date, but that leave to do so had been denied; that even if he had been granted leave to so amend, his testimony fell short of proving a reduction to practice earlier than the date he alleged; and that, in view of the comparatively simple nature of the invention, of his facilities for perfecting it, and the reasons assigned for his failure to act with greater diligence, the junior party was lacking in diligence.

No. 753. Patent Appeals. Submitted March 13, 1912. Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

Mr. *J. Morris Wilson* and Mr. *F. C. Somes* for the appellant.

Mr. *L. S. Bacon* and Mr. *J. H. Milans* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from concurrent decisions of the Patent Office awarding priority of invention to William L. Miggett, the senior party. The issue involves a rotary blower designed

to be installed in the wall of a steam boiler-setting, opposite the flue openings, and to be used for the purpose of cleaning the flues.  The particular feature of the invention consists in the ability of the operator to localize the blast of steam upon any given portion of the flue surface.  Count 3 of the three counts sufficiently illustrates the idea:

"3. The combination of a steam boiler having horizontal tubes, a wall opposite the ends of the boiler tubes having an opening extending lengthwise of the tubes, a body or carrier rotably arranged in said opening, means for supplying steam to said body, a steam delivery nozzle mounted on said body, and capable of being moved into different angular positions relatively to the axis of the body, means exterior to said wall for rotating said body, an adjusting shaft for said nozzle extending lengthwise of said body, and provided exterior to said wall with an operating device independent of said body rotating means, and means for operatively connecting the nozzle with said shaft."

Miggett, the senior party, filed December 16, 1907.  It is practically conceded that he conceived the invention as early as April 26, 1906.  That he reduced his invention to practice as early as August, following, is clearly established by the record.

William Joseph Bradley filed March 28, 1908.  In his preliminary statement he alleged conception as of October 15, 1905, disclosure and drawings April 16, 1906, and reduction to practice as of October, 1907.  After the opening of the preliminary statements he sought leave to amend his statements by the substitution of an earlier date fo rhis reduction to practice. The amendment was not allowed.  The Examiner of Interferences carefully reviewed the testimony introduced by Bradley relative to his date of conception, and reached the conclusion that he had failed to establish conception of the issue prior to the date proven by Miggett.  In this conclusion the Commissioner concurred.  We have reviewed this testimony with care, and are convinced of the correctness of the conclusion reached by the Commissioner and the Examiner.  While Bradley,

under the pleadings, was restricted to November as his date of reduction to practice, we are satisfied from the evidence that, had his amendment been allowed, it would have availed him nothing; in other words, we think his testimony falls short of proving a reduction to practice earlier than the date alleged.

Each of the three tribunals of the Patent Office, the Examiners in Chief basing their opinion upon the point, ruled that Bradley was lacking in diligence. Having in mind the comparatively simple nature of the invention, the facilities of Bradley for perfecting it, and the reasons assigned for his failure to act with greater diligence, we are convinced of the correctness of the ruling upon this point. As no useful purpose would be subserved by a further discussion of the testimony, which, as we have seen, has been reviewed by the Patent Office, we shall refrain from so doing.

The decision is therefore affirmed.       *Affirmed.*